UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ervin Middleton, Jr., et al., | Case No.: 2:21-cv-01936-CDS-VCF |
| Plaintiffs | |
| v. | **Order Denying Motions to Dismiss and Denying Motion for Summary Judgment** |
| Wells Fargo Bank, N.A., et al., | [ECF Nos. 10, 14, 26] |
| Defendants | |

Pro se plaintiff Ervin Middleton, Jr. was previously deemed a vexatious litigant in this district. *See Middleton, Jr. v. NV Energy, et al.*, 2:20-cv-00638-KJD-VCF. In that case, the Honorable United States District Judge Kent J. Dawson adopted a report and recommendation declaring Middleton vexatious, which advised Middleton that he may only file new civil actions in the District of Nevada after his proposed complaint has been screened by the appropriate judicial authority. *Id.* at ECF No. 35. Despite that ruling, Middleton initiated new litigation in this district, resulting in the motions to dismiss and motion for summary judgment[1] pending before me. I have reviewed the relevant record and find these matters suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); LR 78-1. For the reasons explained below, I dismiss this entire action for Middleton's failure to comply with Judge Dawson's pre-filing order. I therefore deny as moot the defendants' two motions to dismiss and Middleton's motion for summary judgment.

---

[1] The document is titled "notice of entry of summary judgment" (ECF No. 26), but I construe it as a motion for summary judgment. Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

I.      Background

About eight months after Middleton was deemed a vexatious litigant and subjected to a pre-filing order, he initiated this case in the Eighth Judicial District Court of Clark County, Nevada. Defendant Synchrony Bank removed the lawsuit to this court, just as some of Middleton's previous lawsuits were removed here.[2] Removal Pet., ECF No. 1. Those prior eight removals would have reasonably put Middleton on notice that removal to this court, where he is not permitted to file without first having his complaint screened, was possible. Based on the information before the court, it appeared that Middleton filed this action in the state court in an attempt to circumvent Judge Dawson's pre-filing order requiring any complaint brought by Middleton to be screened before it would be filed. As a result, I ordered Middleton to show cause why this action should not be dismissed for failure to comply with Judge Dawson's pre-filing order. Order, ECF No. 31. Middleton did not file a response to the show-cause order[3] and has not addressed why he should be permitted to bring this action despite Judge Dawson's order in the previous case.

II.     Wells Fargo's and Synchrony Bank's motions to dismiss

Wells Fargo moves to dismiss this action for seven reasons: (1) the doctrine of claim preclusion; (2) Middleton has no standing to assert claims as a non-party to the loan transaction; (3) any claims for damages are barred by the applicable statute of limitations; (4) the Nevada Deceptive Trade Practices Act (DTPA) claim fails because it applies only to goods and services, not real property transactions; (5) the Telephone Consumer Protection Act (TCPA) claim fails as a matter of law; (6) the claims for vicarious liability are incomprehensible

---

[2] *Middleton v. LexisNexis*, 2:17-cv-01911-JCM-CWH; *Middleton v. Carrington Mortgage Services, LLC*, 2:16-cv-01657-RFB-CWH; *Middleton v. ReconTrust Company, N.A.*, 2:14-cv-00477-LDG-GWF; *Middleton v. BAC Home Loan Servicing LP*, 2:13-cv-01376-JCM-CWH; *Middleton v. First Premier Bank*, 2:13-cv-01344-MMD, 2:13-cv-01344-MMD-GWF; *Middleton v. Clark County Collection Service, LLC*, 2:13-cv-00553-GMN-NJK; *Middleton v. CCB Credit Services, Inc.*, 2:12-cv-02012-APG-VCF; *Middleton v. Calvary Portfolio Svc LLC*, 2:12-cv-01993-JCM-VCF.

[3] Middleton instead filed an "error of coram nobis" seeking a "summary judgment in favor of the claimants" and to "remove [Judge] Ferenbach from the case, and vacate his void order[.]" ECF No. 32.

and frivolous; and (7) this litigation is Middleton's eighth lawsuit against Wells Fargo (and Middleton was previously deemed vexatious to preclude him from filing other frivolous lawsuits). ECF No. 10 at 2–3. While I must liberally construe pro se filings like Middleton's, I find that his response to Wells Fargo's motion to dismiss fails to sufficiently address the arguments that Wells Fargo raises. Resp., ECF No. 16. Middleton's response mainly consists of conclusory statements and accusations against defense counsel. *Id.*

Similarly, defendant Synchrony moves to dismiss this action for six reasons: (1) Middleton is engaged in the unauthorized practice of law; (2) Middleton lacks standing to bring any claims against Synchrony as the subject account is not in his name; (3) the Fair Debt Collection Practices Act (FDCPA) claim fails to allege facts sufficient to support a *prima facie* showing; (4) the TCPA claim fails because it lacks sufficient specificity as to how an automated telephone dialing system was used; (5) the claim of vicarious liability fails to assert a viable cause of action; and (6) the Nevada DTPA claim fails because it applies only to goods and services, not debt collection. Mot. Dismiss, ECF No. 14 at 1–2. As with his response to Wells Fargo's motion to dismiss, Middleton's response to Synchrony's motion is comprised of conclusory statements, accusations against Synchrony's counsel, and reassertions of allegations contained in the complaint. Resp., ECF No. 23.

## II.     Legal standard

Federal district courts have the inherent authority to issue writs—including pre-filing orders—to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Pre-filing orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057. "District courts considering imposing a pre-filing order on a potentially vexatious litigant should consider four factors. The first two requirements, (1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural

considerations . . . [while t]he latter two factors, requiring (3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations." *Id.* at 1057–58. If the court imposes a pre-filing order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* at 1057 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

### III.   Discussion

As a threshold matter, I find that Judge Dawson's pre-filing order is implicated here. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). Judge Dawson considered the *De Long* factors to determine whether Middleton qualifies as a vexatious litigant. *See* 2:20-cv-00638-KJD-VCF at ECF No. 35 (D. Nev. January 7, 2021). After a *de novo* review, Judge Dawson deemed Middleton vexatious and entered the pre-filing order because "Middleton does not have a good[-]faith motive in pursuing frivolous litigation[]" and "has abused the judicial process by filing lawsuits that he knows will be dismissed." *Id.* at 6. He also found that Middleton's "actions, filing multiple frivolous lawsuits and refusing to engage in good faith in the instant case, have posed an unnecessary burden on this [c]ourt and are a vexatious abuse of the judicial process. [Middleton] is likely to continue his abuse of the judicial process." *Id.*

        i.   *Notice and an Opportunity to be Heard*

After this docket was administratively reassigned to me (ECF No. 30), I issued an order for Middleton to show cause why the instant action should not be dismissed for bringing this action in state court to avoid Judge Dawson's pre-filing order. ECF No. 31. I determined that

even if Middleton did not file this suit in state court with that intention, the case still ended up in federal court, which is an outcome that Middleton should have been aware of as removal had occurred in some of his other previous cases. *See generally* ECF No. 1-1. Rather than respond to the show-cause order, Middleton filed a twenty–three page document petitioning for "summary judgment" to "remove [Judge] Ferenbach from the case, and vacate his void order. . ." ECF No. 32 at 9. To date, Middleton has not addressed the issue at the heart of the show-cause order. I therefore find that Middleton was given notice and an opportunity to be heard, yet he took advantage of neither.

        ii.        *Creation of an adequate record*

Judge Ferenbach compiled a list of some of the lawsuits filed by Middleton. In adopting the R&R, Judge Dawson reviewed the docket and orders in each of the eighteen cases cited before finding that Middleton is, indeed, a vexatious litigant.[4] To ensure the creation of an

---

[4] *Middleton Jr v. Wells Fargo Bank N.A. et al*, 2:19-cv-00348-APG-VCF (dismissed for failure to state a claim with leave to amend, then closed because Middleton failed to amend); *Middleton v. Carrington Mortgage Services LLC et al.*, 2:18-cv-00945-JAD-PAL (dismissed, finding that Middleton's claims were, "patently frivolous as they lack an arguable basis in law or fact"); *Middleton v. LexisNexis Risk Solutions Inc.*, 2:17-cv-01911-JCM-CWH (dismissed for failure to state a claim); *Middleton v. Carrington Mortgage Holdings, LLC et al.*, 2:16-cv-01657-RFB-CWH (dismissed, finding that Middleton had not "identified any cognizable claim over which this [c]ourt would have jurisdiction"); *Middleton v. Omely Telecom Corp.*, 2:16-cv-01369-JAD-GWF (dismissed for failure to obey court's order); *Middleton v. Parrish Snead Franklin Simpson, PLC et al.*, 2:16-cv-01217-APG-GWF (dismissed for failure to state a claim and for lack of jurisdiction); *Middleton v. Bank of America, N.A. et al.*, 2:15-cv-01867-APG-NJK, ECF No. 6 (dismissed for failure to state a claim with leave to amend, then closed because Middleton failed to amend); *Middleton v. Carrington Mortgage Services, LLC et al.*, 2:15-cv-01977-APG-PAL, ECF (dismissed for lack of jurisdiction); *Middleton et al v. Guaranteed Rate, Inc. et al.*, 2:15-cv-00943-RCJ-GWF (dismissed for lack of standing); *Middleton v. Himes*, 2:15-cv-00076-KJD-CWH, (barred by res judicata); *Middleton v. ReconTrust Company, N.A.. et al.*, 2:14-cv-00477-LDG-GWF (dismissed for improper service and failure to state a claim); *Middleton v. Plus Four, Inc.*, 2:13-cv-01421-GMN-GWF (dismissed for failure to state a claim with leave to amend, then closed because Middleton failed to amend); *Middleton v. BAC Home Loan Servicing LP*, 2:13-cv-01376-JCM-CWH (dismissed for lack of proper service and failure to state a claim); *Middleton v. Omely Telecom*, 2:13-cv-01367-GMN-GWF,(dismissed for failure to state a claim with leave to amend, then closed because Middleton failed to amend); *Middleton v. First Premier Bank*, 2:13-cv-01344-MMD-GWF (dismissed with leave to amend for failure to state a plausible claim for relief, then closed because Middleton failed to amend); *Middleton v. Clark County Collection Service, LLC*, 2:13-cv-00553-GMN-NJK (dismissed for want of prosecution); *Middleton v. CCB Credit Services, Inc.*, 2:12-cv-02012-APG-VCF (dismissed for failure to state a claim); *Middleton v. Calvary Portfolio Svcs LLC*, 2:12-cv-01993-JCM-VCF (dismissed because Middleton failed to file a response).

adequate record, I also list the cases compiled by Judge Ferenbach (*see* n.4) and incorporate, by reference, into this order Judge Ferenbach's report and recommendation, as if fully set forth herein. *Middleton, Jr. v. NV Energy, et al.*, 2:20-cv-00638-KJD-VCF at ECF No. 33. Yet, the listed examples are not the only cases demonstrating that Middleton does not have a good-faith motive to pursue this litigation. A *de novo* review of the docket reveals another five lawsuits Middleton initiated but does not seem interested in pursuing: *Middleton v. Guaranteed Rate, Inc., et al.*, 2:21-cv-01944-GMN-DJA (abandoned after Middleton was ordered to pay the filing fee or complete an *in forma pauperis* application); *Middleton v. Stevens*, 2:20-cv-00860-JAD-NJK (dismissed for improperly commencing petition, failure to pay filing fee or file *in forma pauperis* application); *Middleton v. Clark Cnty. Water Reclamation District*, 2:19-cv-00599-GMN-EJY (abandoned after denial of injunctive relief); *Middleton v. Citibank, N.A., Inc.*, 2:16-cv-00622-RFB-NJK (dismissed for failure to obey court order); and *Middleton v. First Premier Bank*, 2:12-cv-01998-RCJ-NJK (dismissed for failure to obey court order). Additionally, my review found two more lawsuits raising the same or similar claims—listed here to illustrate the frequency of Middleton's efforts—which failed to proceed beyond the initial pleading stage. *See Middleton v. Cavalry Portfolio Services, LLC*, 2:16-cv-01760-MMD-PAL (dismissed for failure to plead a basic element of an FDCPA claim); and *Middleton v. Wells Fargo Bank, et al.*, 2:15-cv-01875-LDG-PAL (dismissed for failure to state an actionable claim).

                iii.      *Findings of frivolousness or harassment*

The court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (quoting *Moy*, 906 F.2d at 470). There is more than a sufficient basis to conclude that Middleton's filings are numerous and patently without merit. The Ninth Circuit has held that the five-factor *Safir* test provides "a helpful framework" in determining "whether a party is a vexatious litigant and whether a pre-filing order will stop the

vexatious litigation." *Id.* at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The *Safir* test considers: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good[-]faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Here, all five factors weigh in favor of a finding of frivolousness and harassment.

      Middleton has filed thirty-two complaints in this district since 2012. Almost all of them have been dismissed for failure to state a claim. In some cases, Middleton was granted leave to amend, but he ultimately failed to do so. His complaints repeatedly assert the same or similar allegations, claims, and facts—which judges in this district have determined do not give rise to a cognizable cause of action—often against the same defendant or defendants. There is thus not a reasonable probability that he will prevail in any of the actions. A review of the pleadings in those various cases shows that they are consistently frivolous, harassing, or fail to state claim on which relief may be granted. Middleton is neither represented by counsel in the instant action nor was he in any of the other cases referenced in this order. This factor therefore weighs in favor of a finding of vexatiousness. Middleton's filings have, indeed, caused unnecessary expense to the various parties and placed a needless burden on the court. The parties that Middleton sues, often repeatedly, are forced to litigate and absorb the costs of defending against these frivolous cases. The seemingly endless, frivolous litigation initiated by Middleton is a "[f]lagrant abuse of the judicial process [that] cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. No other sanctions would adequately protect the parties or the judicial system. Because monetary sanctions will likely fail to deter Middleton, I conclude that a pre-

filing restriction is the only way to curtail Middleton's conduct.

        *iv.*       *Judge Dawson's pre-filing order*

After Judge Dawson entered the pre-filing order, Middleton filed the instant action in the Eighth Judicial District Court, which Synchrony then removed to this court. Even if Middleton did not bring this action in state court in a deliberate attempt to avoid Judge Dawson's pre-filing order, the case still ended up being filed in federal court.[5] Accordingly, I dismiss this action as a violation of the pre-filing order, finding that it is both harassing and vexatious. By dismissing this case, I preserve Synchrony Bank's right to remove the action to federal court and also prevent Middleton from attempting to circumvent the pre-filing order. Further, Middleton suffers no prejudice from this dismissal. If Middleton had filed his lawsuit in this court at the outset, it would have likewise been dismissed for failing to comply with the pre-filing order, so the outcome—dismissal—would have been the same. Because I dismiss this entire action for failure to comply with the pre-filing order, I do not reach a decision on the other arguments set forth in the defendants' motions to dismiss and thus deny them as moot. Also, because I am dismissing this action in its entirety, I deny Middleton's notice for entry of summary judgment.

## V.  Conclusion

For the reasons set forth in this order, this action is dismissed for Middleton's failure to comply with the January 6, 2021, pre-filing order entered in *Middleton v. NV Energy, et al.*, 2:20-cv-00638-KJD-VCF (D. Nev.).

---

[5] I apply the sound reasoning set forth in *Sassower v. Abrams*, 833 F. Supp. 253 (S.D.N.Y. 1993). The plaintiff in *Sassower* was subject to a federal injunction designed to stop his abuse of the judicial system. *Id.* at 255–56. The plaintiff initiated a new action in state court after the issuance of the injunction, and the defendants removed the case to federal court—just like Synchrony did here. The court found that while the initial lawsuit was not subject to the injunction because it was initiated in state court and was then subsequently removed, that "[the plaintiff] should not be able to use the defendants' removal of these actions as an opportunity to thwart the clear intent of the [injunction orders] by renewing his frivolous and vexatious litigation in this [c]ourt." *Id.* at 267. Like the vexatious litigant in *Sassower*, Middleton may not circumvent Judge Dawson's pre-filing order by filing this or any other frivolous action in state court.

IT IS THEREFORE ORDERED that defendants Wells Fargo Bank's and Synchrony Bank's motions to dismiss **[ECF Nos. 10, 14] are DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's [motion] for entry of summary judgment **[ECF No. 26] is DENIED** as moot.

IT IS FURTHER ORDERED that Middleton *must* comply with the pre-filing order issued by Judge Dawson. If Middleton intends to file any new pro se civil actions in this district in the future, he must first:

    1.    Apply to the Chief Judge of this district for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File" and which must be supported by a declaration from Middleton, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

    2.    Attach a copy of this order to any such application.

Failure to comply will constitute sufficient grounds for denial of the application without prior notice.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or document on a closed case, or any other litigation-initiating documents submitted pro se without compliance with this order.

The Clerk of the Court is directed to CLOSE THIS CASE.

DATED: December 21, 2022

_____
Cristina D. Silva
United States District Court Judge